# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2132

_____

S & W Agency, doing business as
Farm and City Insurance Services,
Inc.; Gaylord Wooge,

    Appellees,

  v.

Foremost Insurance Company;
Foremost County Mutual Insurance;
American Federation Insurance
Company; Foremost Signature
Insurance Company; George H.
Shattuck,

    Appellants.

_____

National Association of
Independent Insurers,

    Amicus on Behalf
    of Appellant.

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Submitted: April 21, 1999
Filed: May 14, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.
_____

PER CURIAM.

Gaylord Wooge owns and operates Farm and City Insurance Services, an independent insurance agency located in Forest City, Iowa. Mr. Wooge conceived of a unique insurance endorsement that was particularly well-suited for recreational vehicle (RV) owners. Foremost Insurance Company (Foremost) provided the necessary underwriting for Wooge's product. Over the years, Mr. Wooge's endorsement became known in the industry as the "Wooge endorsement," and it was very successful. The relationship between Mr. Wooge and Foremost was also unique in that Mr. Wooge conceived of and secured various agreements with RV manufacturers and RV manufacturers' associations that were necessary to make the Wooge endorsement viable and profitable. These efforts cost Mr. Wooge a considerable amount of time and money, and also earned him substantial commissions from Foremost.

After several years of a peaceful working relationship between Mr. Wooge and Foremost, Foremost began secret plans to directly market a competing endorsement and to eliminate or severely reduce Mr. Wooge's earned and future commissions. During this time, whenever Mr. Wooge became suspicious, Foremost provided him with various reassurances. In June 1992, Foremost was finally in a position to capture Mr. Wooge's RV business and it terminated his agency. Upon terminating Mr. Wooge, Foremost attempted to thwart his efforts to transfer his book of business to another insurance underwriter, thus compounding the harm suffered by Mr. Wooge.

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

Mr. Wooge then commenced the present diversity action alleging the following claims: (1) breach of contract; (2) tortious interference with a contract; (3) fraudulent misrepresentation; (4) fraudulent nondisclosure by a fiduciary; and (5) misappropriation of trade secrets. A jury returned a verdict in favor of Mr. Wooge on all claims, and awarded him $688,000 in compensatory damages and $8 million in punitive damages. On Foremost's posttrial motions, the district court[2] upheld the jury's verdict as to liability and the amount of compensatory damages. The district court granted a new trial limited to the question of punitive damages. The parties waived their right to a jury trial on the punitive damages issue. After hearing evidence in the second trial, the district court concluded that Mr. Wooge had presented compelling evidence of fraudulent conduct on the part of Foremost, and it awarded Mr. Wooge $4 million in punitive damages.

Having carefully reviewed the record and having considered the 31 separate issues Foremost argues on appeal, see Financial Holding Corp. v. Garnac Grain Co., Inc., 965 F.2d 591, 596 (8th Cir. 1992), we agree with the district court's determinations as to liability and compensatory damages. We further agree with the district court's conclusion that the evidence of Foremost's fraudulent conduct warrants a substantial award of punitive damages in the amount of $4 million. We are not persuaded by Amicus's arguments that by affirming the district court's judgment in this case, we are upsetting settled legal expectations that exist between insurers and independent insurance agents. The relationship between Mr. Wooge and Foremost was atypical to say the least. Moreover, Foremost's conduct, we hope, was also atypical—nobody has a settled expectation to engage in, or to be engaged by, fraudulent conduct.

---

[2] The Honorable John A. Jarvey, Chief United States Magistrate Judge for the Northern District of Iowa, to whom the case was assigned with the consent of the parties. See 28 U.S.C. § 636(c).

In sum, we believe that the district court thoroughly and correctly addressed the controlling issues involved in this case. Accordingly, we affirm the judgment of the district court. <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT